## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KATHERINE ELIZABETH SIKES,          :
Individually and as Administrator of the    :
Estate of GARY THOMAS LATIMER,       :
                                      :          CIVIL ACTION
     Plaintiff,                      :          FILE NO. _____
                                        :
vs.                                 :
                                        :          Jury Trial Requested
CITY OF DOUGLASVILLE, a            :
municipal corporation of the State of      :
Georgia, CHIEF CHRIS WOMACK, in      :
his individual and official capacity,       :
HARVEY PARSONS, in his individual      :
and official capacity as Mayor of the      :
City of Douglasville, Georgia, OFFICER    :
COYLEE DANLEY, in his individual       :
and official capacity, DAMON PARTIN,    :
in his individual and official capacity,     :
and OFFICER MICHAEL               :
McDONALD, in his individual and        :
official capacity,                       :
                                        :
     Defendants.                     :

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff in the above-styled action, by and through her undersigned counsel, and hereby files this Complaint for Damages against the above-named Defendants.  Plaintiff shows the Court the following:

## I. **PRELIMINARY STATEMENT**

Plaintiff brings this action pursuant to 42 U.S.C. Section 1983 for civil rights violations as well as state law claims based on negligence.   Plaintiff seeks redress for the deprivation of the rights, privileges and immunity secured by the laws of the United States and the state of Georgia.  Plaintiff seeks monetary damages to redress and remedy her claims that arise out of the constitutional rights of Gary Thomas Latimer.  Plaintiff seeks attorney's fees pursuant to 42 U.S.C. Section 1988.

Specifically, Gary Thomas Latimer was denied his constitutional rights when the above-named Defendants were deliberately indifferent to his medical needs.  At the time that Gary Thomas Latimer was arrested, he was suffering from a mental illness and he required treatment by healthcare professionals.  Moreover and more importantly, Gary Thomas Latimer exhibited clear signs that he was operating under a mental illness.  However, the Defendants did not take action that is consistent with the United States Constitution.  As a result of Defendants' deliberate indifference to the medical needs of Gary Thomas Latimer, Gary Thomas Latimer was killed within hours of his arrest and detention.

Plaintiff seeks equitable relief from this Court against the City of Douglasville and its policyholders for failure to enact policies and procedures that

prevent citizens similarly situated to Gary Thomas Latimer from having their constitutional rights violated.  Plaintiff requests that this Court, through its equitable powers, compel the City of Douglasville and its policymakers (Mayor Harvey Parsons and Chief Chris Womack) to train the City of Douglasville's employees to recognize the need to have persons in their custody treated for mental illnesses when it is required under the United States Constitution.

## II.  PARTIES

Katherine Elizabeth Sikes, as daughter of Gary Thomas Latimer, is the sole heir of Gary Thomas Latimer.  Gary Thomas Latimer's wife is deceased and therefore, this civil action is brought by his daughter, who has also been appointed as Administrator of the Estate of Gary Thomas Latimer.

City of Douglasville is a municipality and a political subdivision of the state of Georgia and is operating and conducting business within the jurisdiction of the United States District Court for the Northern District of Georgia.

Chris Womack (hereinafter referred to as "Chief Womack") was, at all times material hereto, Chief of the Douglasville Police Department and was a policymaker and final authority for the Douglasville Police Department.

Harvey Parsons (hereinafter referred to as "Defendant Parsons") is the Mayor of the City of Douglasville and is a policymaker and final authority for Douglasville police officers.

Coylee Danley (hereinafter referred to as "Defendant Danley") was at all times relevant to this action, an employee of the Douglasville Police Department, and at all times relevant to this action was acting in his official capacity and under the color of state law.  Defendant Danley is being sued in his individual and official capacity.

Damon Partin (hereinafter referred to as "Defendant Partin") was at all times relevant to this action, an employee of the Douglasville Police Department, and at all times relevant to this action, was acting in his official capacity and under the color of state law.  Defendant Partin is being sued in his individual and official capacity.

Officer Michael McDonald (hereinafter referred to as "Defendant McDonald") was at all times relevant to this action, an employee of the Douglasville Police Department, and at all times relevant to this action, was acting in his official capacity and under the color of state law.  Defendant McDonald is being sued in his individual and official capacity.

## II.   JURISDICTION AND VENUE

This Court has personal and subject matter jurisdiction over these claims pursuant to 28 U.S.C §§ 1331, 1334 and 1367.  Furthermore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).  The claims for relief in this action arise out of 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  Also the various acts and omissions alleged in this Complaint were engaged in or carried out while the individual Defendants were employed by City of Douglasville, Georgia and acting under color of state law.  These claims include the claim of negligence.   All conditions precedent to the maintaining of this action has occurred or has been performed.   Specifically, Douglasville, Georgia has been provided with ante litem notices.  (See Exhibits "A").

## III.   FACTUAL ALLEGATIONS

### 1.

On or about September 14, 2013, at approximately 9:13 p.m., Defendant Danley arrived at the home of Defendant Parsons based on a "suspicious person call."

### 2.

Defendant Parsons advised that there was a suspicious person who was "stumbling around" in his backyard.

5

3.

The individual was identified as Gary Thomas Latimer.

4.

A NCIC/GCIC inquiry was done in regard to Gary Thomas Latimer and there were no outstanding warrants.

5.

According to Defendant Danley, Gary Thomas Latimer appeared to be under the influence of alcohol or drugs.

6.

Gary Thomas Latimer had slurred speech and "could not stand straight without his entire body swaying."

7.

Moreover, when Gary Thomas Latimer spoke, he could not complete his sentences.

8.

Based on the fact that Gary Thomas Latimer could not "control his body," Defendant Danley arrested Gary Thomas Latimer for public drunkenness thereby creating a special relationship between Latimer and the Defendants.

9.

After Gary Thomas Latimer was arrested, he was personally observed by Officers Partin and McDonald and they all noted that he was mentally incoherent.

10.

In fact, they all noticed that he could not walk straight and they also heard him uttering incoherent phrases about getting on a spaceship and finding space aliens.

11.

Without question, all of the individual Defendants who came into contact with Gary Thomas Latimer on September 14, 2013 knew that he was laboring under a mental defect.

12.

The above-named Defendants had personal contact with Gary Thomas Latimer and they knew he was operating under a medical defect.

13.

Additionally, the above-named Defendants knew or should have known that Latimer had an immediate need for medical attention.

14.

Consequently, the above-named Defendants were required to, at a minimum, seek medical assistance for Latimer.

15.

Gary Thomas Latimer was not given any medical assistance.

16.

As a rule, the Douglasville Police Department should not release a detainee who is not mentally stable to return to the general public.

17.

In fact, the Douglasville Police Department, an agency that acts under the Mayor, the Chief of Police and the City of Douglasville, allowed Gary Thomas Latimer to bond out of jail, while he was suffering from a mental illness that caused him to be in an unstable condition.

18.

Gary Thomas Latimer's home was approximately three miles from the city jail, where he was "booked" and released.

19.

Due to his mental illness, Gary Thomas Latimer left the jail unassisted and he wandered into the road where he was struck by a vehicle around 10:15 p.m.

20.

Sadly, Gary Thomas Latimer died on September 17, 2013 at the age of 41.

21.

Toxicology reports revealed that Latimer was not under the influence of alcohol or drugs.

22.

The Douglasville Police Department, in September of 2013, did not have a rule, regulation or policy as to the appropriate length of time to keep a detainee who was intoxicated or suffering from a mental illness.

## COUNT I

## VIOLATION OF 42 U.S.C § 1983
## AGAINST ALL DEFENDANTS

23.

Plaintiff adopts and incorporates by reference paragraphs 1 through 22 of her Complaint for Damages as if said paragraphs are set forth fully herein.

24.

The Defendants and each of them and their agents and employees violated 42 U.S.C. § 1983.  Gary Thomas Latimer enjoyed the constitutionality guaranteed right of due process pursuant to the Fourth Amendment and the right to be free of cruel and unusual punishment pursuant to the Eighth Amendment and he was

deprived of these rights by the Defendants and each of them, and their agents and employees.

25.

Defendants were deliberately indifferent to the medical needs of Gary Thomas Latimer in violation of the Fourteenth Amendment.

26.

The Defendants were aware that Gary Thomas Latimer was suffering from a mental illness at the time he was in their custody and care, but they consciously disregarded his health and did not take appropriate action to stabilize Gary Thomas Latimer.

## COUNT II

### NEGLIGENCE OF CITY OF DOUGLASVILLE, CHIEF CHRIS WOMACK, HARVEY PARSONS, COYLEE DANLEY, DAMON PARTIN AND OFFICER MICHAEL MCDONALD

27.

Plaintiff adopts and incorporates by reference paragraphs 1 through 26 of her Complaint for Damages as if said paragraphs are set forth fully herein.

28.

Defendants negligently performed ministerial duties as defined and required by Georgia law when they failed to properly supervise and train their officers,

10

proximately causing Gary Thomas Latimer's death.  Therefore, no state immunity applies in this matter.

29.

The Defendants owed a duty to Gary Thomas Latimer to properly train, employ and supervise Defendants while they were involved in performing their duties at the jail in September, 2013.

30.

At all times material hereto, Defendants were responsible for implementing the rules and regulations in regard to hiring, screening, training, supervising, controlling, disciplining and assigning Defendants.

31.

Under Georgia law, the Douglasville Police Department because of its special relationship to Gary Thomas Latimer, had a duty to protect and it failed in its duty to protect Gary Thomas Latimer.

## COUNT III

## WRONGFUL DEATH AGAINST ALL DEFENDANTS

32.

Plaintiff adopts and incorporates by reference paragraphs 1 through 31 of her Complaint for Damages as if said paragraphs are set forth fully herein.

33.

The negligent conduct of all Defendants as set forth in this Complaint for Damages actually and proximately caused the wrongful death of Gary Thomas Latimer on September 17, 2013.

34.

As a result of Defendants' deliberate indifference to the medical needs of Gary Thomas Latimer, Gary Thomas Latimer was killed within hours of being arrested.

35.

Consequently, Plaintiff brings this action pursuant to the provisions of O.C.G.A. § 51-4-2 and other applicable laws of this state to recover the full value of the life of Gary Thomas Latimer, without any deductions for necessary or  other personal expenses that would have been incurred by the decedent had he lived.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

a.    that Plaintiff recovers for the deprivation of Gary Thomas Latimer's civil rights and liberties in an amount to be determined by the enlightened conscience of a jury;

b.     that Plaintiff recovers for Gary Thomas Latimer's death in an amount
       to be determined by the enlightened conscience of the jury;

c.     that Plaintiff recovers punitive damages in an amount to be
       determined by the enlightened conscience of a jury;

d.     that Plaintiff recovers reasonable attorney's fees and costs of litigation
       as allowed under 42 U.S.C. § 1988 and state law;

e.     that Plaintiff is given equitable and injunctive relief to enjoin the
       Defendants for having a policy, practice and custom of disregarding
       the medical needs of detainees with medical health issues; and

f.     that Plaintiff recovers such other and further relief as is just and
       proper; and that all issues be tried before a **jury**.

This 3rd day of September, 2015.

                                    **STEWART, SEAY & FELTON, LLC**

                                    /s/ Eugene Felton, Jr.
                                    Eugene Felton, Jr.
                                    Georgia Bar No. 257840
                                    Quinton S. Seay
                                    Georgia Bar No. 634025

260 Peachtree Street, N.W.          Attorneys for Plaintiff
Suite 1001
Atlanta, GA  30303
(404) 637-0240
efelton@ssfjustice.com