**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| KATHERINE ELIZABETH SIKES, individually and as administrator of the estate of Gary Thomas Latimer, | : : : : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 1:15-CV-3111-RWS |
| | : | |
| v. | : | |
| | : | |
| CITY OF DOUGLASVILLE, et al., | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

This matter is before the Court on Defendants' Motion to Compel [Doc. No. 65].

This is a § 1983 action in which Plaintiff, individually and as administrator of the estate of Gary Thomas Latimer, alleges that Defendants were deliberately indifferent to Mr. Latimer's medical needs by releasing him on bond following his arrest for public drunkenness on September 14, 2013. Shortly following Mr. Latimer's release from custody, he was struck by a hit and run driver. He died several days later. Ms. Tabitha Paige was eventually identified as the driver by the Douglas County Sheriff's Office. She entered a guilty plea on the charge of

AO 72A
(Rev.8/8
2)

a felony hit and run in Douglas County Superior Court in July 2014, and she was incarcerated for approximately two years as a result thereof.

On April 17, 2017, counsel for Plaintiff prepared and served a subpoena on Ms. Paige, commanding her to appear for a videotaped deposition on April 24, 2017.  Ms. Paige did not file any objection to her appearance.  She appeared and was examined by Plaintiff's counsel.  However, Ms. Paige left in the middle of examination by Defendants' counsel.  Defendants have now moved the Court to compel Ms. Paige's deposition, find her in contempt, and sanction her.

Federal Rule of Civil Procedure 45 permits a party to procure discovery from a non-party through the issuance and service of a subpoena.  Courts have the inherent power to enforce compliance with lawful subpoenas through civil contempt.  When awarding sanctions based upon a finding of civil contempt, the Court has numerous options, such as a coercive daily fine, a compensatory fine, and/or an award of attorneys' fees and expenses.

In this case, Ms. Paige unquestionably failed to comply with the subpoena, which required her to provide deposition testimony.  However, the Court is unwilling to order Ms. Paige to show cause at this time without giving her another chance to comply with the subpoena.  Ms. Paige is ORDERED to appear at the

2

offices of Defendants' counsel to complete her deposition at a date and time designated by counsel within thirty days.  If she fails to appear, the Court will issue an order to show cause, which will require her attendance at a hearing.  The Court will then consider appropriate sanctions.

For the reasons discussed above, Defendants' Motion to Compel [Doc. No. 65] is GRANTED.  The Clerk is DIRECTED to send a copy of this order to Ms. Paige at the two addresses listed on the deposition notice [Doc. No. 65-2, p. 5]. Counsel is ORDERED to serve a copy of this order when the new subpoena and deposition notice are served.

**SO ORDERED**, this 31st day of July, 2017.

_____
**RICHARD W. STORY**
United States District Judge

3